UNITED STATES of America,
Plaintiff—Appellee,

v.

Javier ZAVALA–ESQUIVEL,
Defendant—Appellant.

No. 02–10562.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 15, 2003.

Decided Sept. 2, 2003.

Jason F. Carr, Office of the Federal Public Defender, Las Vegas, NV, for Defendant–Appellant.

Margaret M. Stanish, Esq., USLV—Office of the U.S. Attorney, Justin J. Roberts, Las Vegas, NV, for Plaintiff–Appellee.

Before: HALL, O'SCANNLAIN, Circuit Judges, and BEISTLINE,* District Judge.

* The Honorable Ralph R. Beistline, United States District Judge for the District of Alas-

## MEMORANDUM **

Appellant Javier Zavala–Esquivel ("Zavala") appeals his jury conviction of two counts of transporting illegal aliens for financial gain, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(A)(v)(II). More specifically, Zavala contends: (1) that he was denied a fair trial by the district court's admitting, pursuant to Fed.R.Evid. 404(b), evidence of a prior contact with immigration authorities; and (2) that the district court erred by failing to submit to the jury his theory of defense instruction.

 Evidence of Zavala's prior contact with immigration authorities was relevant to: (1) the startup of the transportation business he alleged; (2) establish knowledge of the illegal alien status of his passengers; and (3) establish the absence of mistake or accident. *United States v. Hodges,* 770 F.2d 1475, 1479 (9th Cir.1985) (evidence of extrinsic acts may be introduced if the government establishes its relevance to an actual issue in the case). Further, given Zavala's defense that he was running a legitimate transportation business, the 1997 contact was not too remote in time. Consequently, the Court concludes that the trial judge did not abuse his discretion in admitting the prior contact evidence. Nevertheless, were the Court to find that there was a Rule 404(b) violation, which it does not, it would amount to harmless error as there was sufficient independent evidence of guilt.

 As to the jury instruction issue, there was no duty to give Zavala's instruction since the instruction given by the district court adequately covered Zavala's theory of the case.

Zavala's conviction is hereby **AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

